UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRISTEN ALFORD,

      Plaintiff,

v.                                                    Case No.:  2:26-cv-14-SPC-NPM

AMY HAWTHORNE and KEVIN
C. KARNES,

      Defendants.

_____

**OPINION AND ORDER**

Before the Court is pro se Plaintiff Kristen Alford's Emergency Motion

for Injunction Against Judge Amy Hawthorne and Request for Investigation

Into Communications, Conduct, and Finances.  (Doc. 8).  The Court construes

the motion as one for a temporary restraining order.[1]  The Court denies the

motion.

There are multiple reasons to deny Plaintiff's motion.  To begin, she does

not make any showing as to why the Court should issue a temporary

restraining order without notice to Judge Hawthorne.  "Without any effort to

show why notice should not be required, the Court cannot grant an ex parte

---

[1] Defendant Amy Hawthorne ("Judge Hawthorne") has not been served, and Plaintiff titles her motion as an "emergency."  Given she seeks the injunctive relief without notice to Judge Hawthorne, the Court construes the motion as one for a temporary restraining order.  *See* Fed. R. Civ. P. 65(b).

TRO." *Free Speech Found., Inc. v. Gold*, No. 2:22-CV-714-SPC-NPM, 2022 WL 16780218, at *1 (M.D. Fla. Nov. 8, 2022). Plaintiff also neglects to offer security to pay Judge Hawthorne's costs and damages if she is wrongly restrained. *See* Fed. R. Civ. P. 65(c); *see also* M.D. Fla. R. 6.01(a)(4) (requiring that a motion for temporary restraining order include "a precise and verified explanation of the amount and form of the required security"). And she fails to attach a proposed order. *See* M.D. Fla. R. 6.01(a)(6).

Additionally, Plaintiff's motion makes no effort to analyze or establish any of the four requisite elements for injunctive relief. *See Wall v. Centers for Disease Control & Prevention*, 543 F. Supp. 3d 1290, 1292 (M.D. Fla. 2021) (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)) ("A temporary restraining order is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites." (cleaned up)). And she asks the Court to enjoin Judge Hawthorne without identifying the conduct to be enjoined. *See* Fed. R. Civ. P. 65(d) (an order granting injunctive relief must "describe in detail . . . the act or acts restrained or required."). For all these reasons, the Court denies Plaintiff's motion.

Accordingly, it is now

**ORDERED:**

Plaintiff's Emergency Motion for Injunction, construed as a Motion for Temporary Restraining Order (Doc. 8), is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record